**COURT OF COMMON PLEAS**
**FOR THE STATE OF DELAWARE**
KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
PHONE: (302) 735-3910

CHARLES W. WELCH, III
JUDGE

June 13, 2014

Mr. Kevin C. Evans
6 Camden Circle
Clayton, DE 19938
*Pro se* Defendant

Charles S. Knothe, Esq.
Charles S. Knothe, P.A.
3516-14 Silverside Road
Wilmington, DE 19810
Attorney for Plaintiff

RE:     Credit Acceptance Corp. v. Kevin C. Evans
        C.A. No.: 96-11-0129

        Defendant's Motion to Vacate Default Judgment.

Dear Mr. Evans and Mr. Knothe:

As you are aware, on June 6, 2014, the Court held a hearing on the Motion to Vacate Default Judgment filed by the defendant, Kevin C. Evans. After careful consideration of the arguments made by both parties for the motion, the Court denies the defendant's Motion to Vacate Default Judgment.

The plaintiff, Credit Acceptance Corp., commenced a civil debt action against the defendant on November 19, 1996, when the plaintiff filed a Complaint with the Court alleging that the defendant defaulted on an installment sales contract for the purchase of an automobile. An Affidavit of Process was filed with the Court stating that the defendant was personally served with the Summons and Complaint at his place of work, Willis Chevrolet, on November 26, 1996. On January 13, 1997, a default judgment was entered against the defendant pursuant to Court of Common Pleas Rule 12(a) when the defendant failed to answer the Complaint within 20 days of being served.

On March 14, 2014, the defendant filed the present Motion to Vacate Default Judgment. The defendant contends that he was never served with a copy of the Complaint and Summons,

that he never purchased a vehicle as alleged by the plaintiff and that his signature does not match the one on the sales agreement.

The plaintiff opposes the Motion to Vacate Default Judgment on the grounds that the defendant failed to establish excusable neglect. The plaintiff contends that the defendant's allegation that he was never served with the Summons and Complaint is insufficient to invalidate the inherently reliable process server. The plaintiff further contends that the defendant has failed to set forth a meritorious defense to the action that would allow a different outcome to the litigation if heard on the merits.

> The Court may relieve a party from judgment upon finding:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

CT. COM. P. CIV. R. 60(b). The burden of proof to vacate a default judgment lies with the defendant. However, "Delaware courts look favorably on motions to vacate default judgments 'because they promote Delaware's strong judicial policy of deciding cases on the merits.' Accordingly, Rule 60(b) should be construed liberally to give effect to that underlying policy." *Emory Hill & Co. v. Mrfruz LLC*, 2013 WL 5347519, at *4 (Del. Super. Sept. 24, 2013) (citation omitted).

In the present case, the defendant contends that the default judgment entered against him is void, not because of excusable neglect as categorized by the plaintiff, but because he was never served with the Summons and Complaint. A judgment is void if it was rendered without jurisdiction. *Emory Hill & Co.*, 2013 WL 5347519, at *8 n.102. The defendant further argues that at the time the alleged debt arose, he would not have purchased a car because he had bad credit and did not have a driver's license. He also denies that the signature on the sales agreement is his signature.[1]

---

[1] Although the defendant denies that the signature on the sales agreement is his signature, the Court notes that the signature on the agreement is similar to the signature on his Motion to Vacate Default Judgment.

The issue before the Court in this case is not whether the defendant purchased the car, but, whether he was properly served. The defendant claims that he does not remember being served; however, he admits that he was working at Willis Chevrolet during the time the Summons and Complaint were allegedly served on him at work as indicated in the Affidavit of Process. The Court also notes that the default judgment against the defendant was taken over seventeen years ago. The Court finds that a reasonable person should have been aware of a judgment entered against him well before the expiration of seventeen years, especially considering that the defendant has purchased a mobile home within this time frame. Therefore, the defendant has not sufficiently met his burden of proof to show that he was never served with the Summons and Complaint in this action.

Based on the foregoing analysis, the Court finds that the defendant was served with a copy of the Summons and Complaint as described in the Affidavit of Process filed in this case. Therefore, the default judgment against the defendant is affirmed and the defendant's Motion to Vacate Default Judgment is DENIED.

**IT IS SO ORDERED.**

Sincerely,

Charles W. Welch, III